UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-80-P-H |
| ) | |
| JORGE MATOS, ) | |
| ) | |
| DEFENDANT ) | |

### DECISION AND ORDER ON DEFENDANT'S
### MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

The defendant's motion to reduce sentence pursuant to 18 U.S.C. 3582(c)(2) is **GRANTED**. However, the amount of reduction I allow is less than the defendant's request.

There is no dispute that the defendant is entitled to have his sentence reduced because of the retroactive crack cocaine guideline. There is no dispute that the original guideline range was 210-262 months and that the new guideline range (because of the retroactive guideline) is 168-210 months. On a government motion for a 5K1.1 departure, at the original sentence I sentenced below the guideline range by going 12% below the range, which amounted to 25 months. Here, the congruent 12% departure would result in a sentence of 148 months. The Probation Office recommended a revised sentence of 148 months and the Government agreed. The defendant, however, asks for a

sentence of 120 or 126 months, arguing that I should consider the general factors listed in 18 U.S.C. § 3553(a) and that such a sentence "would be sufficient, but not greater than necessary to meet the sentencing purposes." Defendant's Motion to Reduce Sentence (Docket No. 125) at 2.  He refers, for example, to "his lack of record and the fact that he had turned away from drug dealing and maintained a regular low-paying job for 3 years between the offense conduct and his arrest." Id.

As Chief Judge Singal has pointed out in United States v. Julien, 550 F. Supp 138, 139 (D. Me. 2008) (quoting 18 U.S.C. § 3582(c)(2)), however, section 3582(c) allows only reductions that are "consistent with applicable policy statements issued by the Sentencing Commission."  Here, the retroactive Guideline states explicitly: "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection [using a retroactive Guideline amendment] may be appropriate." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B) (2008).  The accompanying Comment makes clear that the Commission envisaged a percentage reduction. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B) cmt. 3.  I agree with the reasoning of Judge Singal in Julien that I do not have authority to depart farther.

Accordingly, the corrected sentence is 148 months.  That represents a

12% departure from the bottom of the new Guideline range, the same percentage departure that I granted originally for the higher Guideline range.

**SO ORDERED.**

**DATED THIS 7TH DAY OF OCTOBER, 2008**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**